**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

UNITED STATES OF AMERICA,

Plaintiff,

v.

MICHAELA KARON MCKINNEY,

Defendant.

Criminal No. 25-74(3) (JRT/DLM)

**MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR JUDGMENT OF ACQUITTAL**

Garrett S. Field, Ebenezer K. Gyasi, and Craig R. Baune, **UNITED STATES ATTORNEY'S OFFICE**, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415, for Plaintiff.

A.L. Brown, **CAPITOL CITY LAW GROUP, LLC**, 287 East Sixth Street, Suite 20, St. Paul, MN 55101, for Defendant.

A jury found Defendant Michaela Karon McKinney guilty on three counts related to the distribution of fentanyl. McKinney now moves for a judgment of acquittal on all three counts. Because the Court finds that there was sufficient evidence to support conviction on all three counts, the Court will deny McKinney's motion for judgment of acquittal in its entirety.

## BACKGROUND

On July 15, 2026, a jury found Defendant Michaela Karon McKinney guilty of one count of conspiracy to distribute fentanyl in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B), and 846; one count of aiding and abetting possession with intent to distribute fentanyl in

violation of 21 U.S.C. § 841(a)(1), (b)(1)(B); and one count of possessing a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A). At trial, at the close of the United States' case-in-chief, McKinney moved to dismiss all counts under Federal Rule of Criminal Procedure 29. (Trial Tr. at 402:19–412:18, Aug. 2, 2026, Docket No. 156.) The Court denied McKinney's motion. (*Id.* at 412:16.)

On July 24, 2026, McKinney brought a renewed motion for a judgment of acquittal. (Docket No. 149.) This motion was not accompanied by a memorandum. On August 3, 2026, the United States responded opposing this motion. (Docket No. 157.) However, on August 7, 2026, the Court gave Defendant an opportunity to file a memorandum in support of her motion. (Docket No. 160.) On September 3, 2026, the Defendant moved for an extension (Docket No. 164), which the Court granted the next day (Docket No. 165). On September 25, 2026, Defendant filed her memorandum in support of the motion for a judgment of acquittal. (Mem. Supp. Mot. for J. of Acquittal ("Mem."), Sept. 25, 2026, Docket No. 169.) On October 8, 2026, the United States filed their response to the memorandum. (Docket No. 174.)

## DISCUSSION

### I. STANDARD OF REVIEW

Rule 29 of the Federal Rules of Criminal Procedure permits the Court to enter a judgment of acquittal if the evidence is insufficient to sustain a conviction. Fed. R. Crim. P. 29(a), (c). The standard for determining whether evidence is insufficient is very strict, requiring acquittal only where there is "no interpretation of the evidence" that would

allow a reasonable jury or finder of fact "to find the defendant guilty beyond a reasonable doubt." *United States v. Gomez*, 165 F.3d. 650, 654 (8th Cir. 1999). In making this determination, the Court looks at the evidence "in the light most favorable to the government, drawing all reasonable inferences and resolving all evidentiary conflicts in favor of the jury's verdict." *United States v. Aponte*, 619 F.3d 799, 804 (8th Cir. 2010). "Reversal is warranted only if no reasonable jury could have found guilt beyond a reasonable doubt." *United States v. Herbst*, 666 F.3d 504, 510 (8th Cir. 2012). A court must "consider the evidence presented at trial in the light most favorable to the verdict and draw all reasonable inferences in the government's favor." *Id.*

## II. ANALYSIS

McKinney's motion argues that she is entitled to acquittal on all three counts because the evidence presented at trial was insufficient. However, in her memorandum, McKinney only addresses why she is entitled to acquittal on Count III (Possession of a Firearm in Furtherance of a Drug Trafficking Crime). The Court will first address McKinney's motion with respect to Count I (Conspiracy to Distribute Fentanyl) and Count II (Aiding and Abetting Possession with Intent to Distribute Fentanyl) and then her motion with respect to Count III.

### A. Counts I and II

McKinney's initial motion is only two sentences long and does not identify which essential elements were insufficiently supported by the evidence. The later-filed memorandum of law does not address McKinney's arguments for acquittal on Count I or

Count II. Based on the record and the evidence presented, the Court finds that viewing the evidence in the light most favorable to the verdict, McKinney has not met her burden of demonstrating that the evidence was insufficient to sustain a conviction on Counts I and II. *See Herbst*, 666 F.3d at 510. The Court will therefore deny the motion as to Counts I and II.

**B. Count III**

In her memorandum of law in support of her motion for acquittal, McKinney provides arguments only with respect to Count III, arguing that the "Government failed to offer the jury proof beyond a reasonable doubt that Ms. McKinney possessed the firearm *in furtherance* of a drug trafficking crime." (Mem. at 1.) "To establish a violation of § 924(c) for possession of a firearm in furtherance of a drug trafficking conspiracy, the Government must prove that (1) the defendant possessed a firearm and (2) the 'possession had the effect of furthering, advancing or helping forward the drug crime.'" *United States v. Reeves*, 143 F.4th 999, 1008 (8th Cir. 2025) (quoting *United States v. Vang*, 43 F.4th 1064, 1067 (8th Cir. 2021)).

McKinney does not dispute the possession element but maintains that the United States failed to prove that her possession of the gun furthered the drug crime. To satisfy the "in furtherance" element, the United States must have presented evidence upon which a reasonable trier of fact could find a "nexus" between McKinney's possession of the charged firearm and the drug crime, such that her possession of the firearm had the effect of furthering, advancing, or helping forward the drug crime. *United States v.*

*Robinson*, 617 F.3d 984, 988 (8th Cir. 2010). The presence of a firearm is not, on its own, enough to prove possession in furtherance of a drug crime. *Vang*, 3 F.4th at 1067. A nexus between a firearm and a drug offense can be shown by "evidence that the firearm was used for protection, was kept near the drugs, or was in close proximity to the defendant during drug transactions." *Robinson*, 617 F.3d at 988 (citation omitted).

When viewed in the light most favorable to the jury's verdict, the evidence presented at trial was sufficient to permit a reasonable juror to find the required nexus between the loaded gun in the console and the drug crimes charged. Specifically, the evidence could support the finding of a nexus because of proximity to McKinney during the charged drug crime. *Id.* Here, the United States presented evidence at trial—through testimony, supporting video and photographs, and forensic testing—that McKinney's loaded gun was in the center console of the vehicle, within arms-length, while she drove her co-defendant to a location to carry out a drug sale. The United States also presented evidence that, although it was her co-defendant that sold the undercover agent the drugs in the agent's car, McKinney remained in the driver's seat immediately adjacent to the agent's car door where her co-defendant sat such that she could view the deal. A reasonable jury, therefore, could conclude that McKinney was in close proximity to both the loaded gun in the console and the drugs being sold by her co-defendant in the car next to her.

Other evidence presented could also support the finding of a nexus because of the need for protection during the charged drug crime. *Id.* The United States presented expert testimony through Lt. John Biederman of the Minneapolis Police Department on how firearms are often used in drug trafficking as a form of protection. The Eighth Circuit has regularly upheld convictions where a jury found credible expert testimony that "establishes the link between guns discovered near drugs and drug trafficking . . . ." *Vang*, 3 F.4th at 1067, n.2. Moreover, the United States presented text conversations between McKinney and her co-defendant that could reasonably be understood to indicate the regular presence of firearms in their drug deals. A reasonable jury, therefore, could conclude that McKinney brought the loaded gun during the drug deal as a form of protection to further the drug crime.

Accordingly, the evidence presented by the United States was sufficient for a reasonable jury to conclude that there was a nexus between McKinney's firearm possession and her drug offense either because McKinney possessed a firearm that was "in close proximity" during the drug sale or because McKinney used the firearm for protection during the drug transaction. *Robinson*, 617 F.3d at 988. The Court will therefore deny the motion as to Count III.

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendant Michaela Karon McKinney's Motion for Judgment of Acquittal (Docket No. [149]) is **DENIED**.

DATED: November 18, 2026
at Minneapolis, Minnesota.

/s/ John R. Tunheim
JOHN R. TUNHEIM
United States District Judge